UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**25-CR-20201-BLOOM/ELFENBEIN**

CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

CHRISTIAN RODRIGUEZ,

Defendant.

_____/

FILED BY_____**BM**_____D.C.

**May 1, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      Bank 1 was a financial institution with its headquarters in Charlotte, North Carolina.

2.      Bank 2 was a financial institution with its headquarters in New York, New York.

3.      Victim Company is a financial services company with its principal place of business in London, the United Kingdom.

4.      Company 1 is a Texas limited liability company with its principal place of business in Dallas, Texas.

5.      Company 2 is a limited liability company with its principal place of business in Miami, Florida.

6.      Defendant **CHRISTIAN RODRIGUEZ** is a resident of Miami-Dade County, Florida, co-owner of Company 1, and co-owner of Company 2.

## COUNT 1
### Wire Fraud
### (18 U.S.C. § 1343)

1.   The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.   From in or around April 2020, through in or around May 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### CHRISTIAN RODRIGUEZ,

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by misappropriating Victim Company's money for his personal use and benefit by making materially false and fraudulent representations to Victim Company, and concealing and failing to state material facts concerning, among other things, the use of Victim Company's funds and the existence of certain viable business opportunities.

## SCHEME AND ARTIFICE

The manner and means by which **CHRISTIAN RODRIGUEZ** and his accomplices sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4. From on or about April 10, 2020, through on or about April 24, 2020, **CHRISTIAN RODRIGUEZ** discussed with Victim Company a business opportunity to purchase 20,000,000 personal protective equipment ("PPE") masks during the COVID-19 pandemic.

5. **CHRISTIAN RODRIGUEZ** represented that he, along with his business partners, would source the PPE through a manufacturer in Turkey with a guaranteed delivery to Victim Company by on or about April 30, 2020.

6. On or about April 20, 2020, **CHRISTIAN RODRIGUEZ** provided Victim Company an invoice for the purchase of the PPE. Thereafter, on or about April 24, 2020, Victim Company wired approximately $1,000,000 to Company 1's Bank 1 account ending in 5075.

7. From on or about April 27, 2020, through on or about April 28, 2020, **CHRISTIAN RODRIGUEZ**, on behalf of Company 1, misrepresented to Victim Company that the PPE would be delivered via air cargo to Frankfurt, Germany.

8. After receiving the funds from Victim Company into Company 1's Bank 1 account ending in 5075 on or about April 24, 2020, **CHRISTIAN RODRIGUEZ** transferred approximately $500,000 into Company 2's Bank 2 account ending in 7613. On or about May 7, 2020, **CHRISTIAN RODRIGUEZ** also transferred approximately $200,000 from Company 1's Bank 1 account ending in 5075 into Company 2's Bank 2 account ending in 7613.

9. **CHRISTIAN RODRIGUEZ** accessed and withdrew funds from Company 1 and

3

Company 2 bank accounts.  **RODRIGUEZ** used the proceeds from the fraud scheme for his own use, the use of others, and to further the scheme.

## USE OF THE WIRES

10.     On or about May 4, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **CHRISTIAN RODRIGUEZ**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, an email from **CHRISTIAN RODRIGUEZ** in Miami-Dade County, Florida, to Victim Company in London via email address us**********@emfi.uk, causing a wire transmission from inside the Southern District of Florida to outside of the state of Florida.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 2-3
### Money Laundering
### (18 U.S.C. § 1957)

On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, the defendant,

### CHRISTIAN RODRIGUEZ,

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity,

4

knowing that the property involved in the monetary transaction represented the proceeds of some form of specified unlawful activity, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 2 | May 8, 2020 | Wire transfer of approximately $25,000 from a Bank 2 account ending in 7613 in the name of Company 2, which **CHRISTIAN RODRIGUEZ** controlled, to "E.M.R." |
| 3 | May 14, 2020 | Wire transfer of approximately $41,246.71 from a Bank 2 account ending in 7613 in the name of Company 2, which **CHRISTIAN RODRIGUEZ** controlled, for the payment of an American Express credit card. |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CHRISTIAN RODRIGUEZ**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from traceable to such offenses and scheme, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

ALTANESE PHENELUS
ASSISTANT UNITED STATES ATTORNEY

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

CHRISTIAN RODRIGUEZ,

_____/

CASE NO.: **25-CR-20201-BLOOM/ELFENBEIN**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No)_____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL   ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No____
   List language and/or dialect:_____

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II   ☐ 6 to 10 days
   - III   ☐ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No___
   If yes, Judge_____ Case No._____

7. Has a complaint been filed in this matter? (Yes or No) No___
   If yes, Judge_____ Magistrate Case No._____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No___
   If yes, Judge_____ Case No._____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No___

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No___

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No___

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No___

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No___

By:_____
Altanese Phenelus
Assistant United States Attorney
FL Bar No.          112693

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:    Christian Rodriguez

**Case No**:

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Counts #: 2-3

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**