UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-20201-BLOOM

UNITED STATES OF AMERICA,

v.

CHRISTIAN RODRIGUEZ,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTION TO DISMISS,
MOTION FOR BILL OF PARTICULARS, AND MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Christian Rodriguez's Motion for Bill of Particulars, ECF No. [30], Defendant's Motion to Dismiss Indictment, ECF No. [31], Defendant's Motion *In Limine*, ECF No. [34], and the Government's Motion *In Limine*, ECF No. [33]. The Government filed Responses to Defendant's Motions, ECF Nos. [35], [36], [46]. Defendant filed Replies as to his Motion for Bill of Particulars and Motion to Dismiss Indictment. ECF Nos. [42], [43]. Defendant filed a Response to the Government's Motion *In Limine*. ECF No. [41]. The Court has carefully reviewed the Motions, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motions are granted in part and denied in part.

**I. BACKGROUND**

On May 1, 2025, Defendant was charged by Indictment with one count of wire fraud (Count I) and two counts of money laundering (Counts II and III), in violation of 18 U.S.C. §§ 1343 and 1957. ECF No. [3]. In support of Count I, the Indictment alleges that Defendant

> did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing

> that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds[.]

ECF No. [3] at 2.

The Indictment further alleges that the purpose of the scheme and artifice was for Defendant "to unlawfully enrich himself by misappropriating Victim Company's money for his personal use and benefit by making materially false and fraudulent representations to Victim Company, and concealing and failing to state material facts concerning, among other things, the use of Victim Company's funds and the existence of certain viable business opportunities." *Id.* ¶ 3.

To accomplish the purpose of the scheme and artifice, the Indictment alleges that, from April 10, 2020 through April 24, 2020, Defendant "discussed with Victim Company a business opportunity to purchase 20,000,000 personal protective equipment ("PPE") masks during the COVID-19 pandemic." *Id.* ¶ 4. Defendant "represented that he, along with his business partners, would source the PPE through a manufacturer in Turkey with a guaranteed delivery to Victim Company by on or about April 30, 2020." *Id.* ¶ 5. On April 20, 2020, Defendant "provided Victim Company an invoice for the purchase of the PPE[,]" after which, "Victim Company wired approximately $1,000,000 to Company 1's Bank 1 account ending in 5075." *Id.* ¶ 6. From April 27, 2020 through April 28, 2020, Defendant "on behalf of Company 1, misrepresented to Victim Company that the PPE would be delivered via air cargo to Frankfurt, Germany." *Id.* ¶ 7 After receiving the funds from Victim Company into Company 1's Bank 1 account ending in 5075" on April 24, 2020, Defendant "transferred approximately $500,000 into Company 2's Bank 2 account ending in 7613." *Id.* ¶ 8. On May 7, 2020, Defendant "also transferred approximately $200,000 from Company 1's Bank 1 account ending in 5075 into Company 2's Bank 2 account ending in

7613." *Id.* ¶ 8. Defendant then withdrew funds from Company 1 and Company 2's bank accounts and "used the proceeds from the fraud scheme for his own use, the use of others, and to further the scheme." *Id.* ¶ 9. The Indictment further alleges that, on May 4, 2020, Defendant

> for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, an email from [Defendant] in Miami-Dade County, Florida, to Victim Company in London via email address us**********@emfi.uk, causing a wire transmission from inside the Southern District of Florida to outside of the state of Florida.
>
> *Id.* ¶ 10.

In support of Counts II and III, the Indictment alleges that Defendant

> did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity knowing that the property involved in the monetary transaction represented the proceeds of some form of specified unlawful activity.
>
> *Id.* at 4-5.

Regarding Count II, the Indictment alleges that on May 8, 2020, Defendant wire transferred approximately $25,000 from a Bank 2 account ending in 7613 in the name of Company 2, which Defendant controlled, to "E.M.R." *Id.* at 5. Regarding Count III, the Indictment alleges that, on May 14, 2020, Defendant wire transferred approximately $41,246.71 from a Bank 2 account ending in 7613 in the name of Company 2, which Defendant controlled, for the payment of an American Express credit card. *Id.*

## II. LEGAL STANDRD

### A. Motion to Dismiss Indictment

A defendant may challenge an indictment on various grounds, including failure to state an

offense, lack of jurisdiction, or for constitutional reasons. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012); Fed. R. Crim. P. 12(b). On a motion to dismiss the indictment, "[t]he indictment's allegations are assumed to be true and are viewed in the light most favorable to the government." *United States v. Rodriguez*, 635 F. Supp. 3d 1351, 1354-55 (S.D. Fla. 2022). Additionally, "[i]n ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation omitted). "[A] court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence." *United States v. Baxter*, 579 F. App'x 703, 706 (11th Cir. 2014).

"Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citations omitted).

> An indictment is sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."

*United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (quoting *United States v. Dabbs,* 134 F.3d 1071, 1079 (11th Cir. 1998)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

Even when an indictment "tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v. Bobo,* 344 F.3d 1076, 1083 (11th Cir. 2003).

### B. Motion for Bill of Particulars

Federal Rule of Criminal Procedure 7(f) governs motions for bills of particulars and provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

"The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (internal quotation marks and citation omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." *Id.*

"[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)); *see also United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." (internal quotation marks omitted)).

### C. Motion *In Limine*

A motion *in limine* asks the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the

parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)).

"Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" *Patrick*, 513 F. App'x at 886 (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]"

*United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

### III.   DISCUSSION

**A. Motion to Dismiss Indictment**

Defendant filed a Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii), (v) and 18 U.S.C. § 3282(a), arguing that the Indictment lacks specificity, fails to state an offense, and the alleged offenses were indicted after the five-year statute of limitations had elapsed. ECF No. [31]. Specifically, Defendant contends that "the wire fraud in Count I does not allege that any funds were obtained from a false representation" and discovery revealed that "$1,000,000 was voluntarily wired to an entity associated with the Defendant on April 24, 2025" which is "outside of the five-year statute of limitations[.]" *Id.* ¶¶ 8-9. Defendant also argues that the Indictment does not state how the statement "'Yes I will take care of it' serves as the basis for the two Money Laundering counts which unequivocally refer to the deposit that was forfeited prior to the expiration of the statute of limitations." *Id.* ¶ 13. The Government responds that (1) the Indictment sufficiently alleges the crimes charged; (2) the wire fraud charge was brought within the statute of limitations; and (3) the Indictment sufficiently alleges money laundering. ECF No. [36]. Defendant replies that because "the Government does not intend to argue that the email on May 4th . . . resulted in the acquisition of the $1,000,000 the week prior[,]" it must concede that it "has not plead how the May 4th email furthered the scheme to defraud[.]" ECF No. [43] ¶ 3. Therefore, the May 4, 2020 email must be "stricken because it is surplusage and the conduct is more prejudicial than probative of any material fact at issue (within the statute of limitations)." *Id.* ¶ 5.

The elements of a wire fraud charge under 18 U.S.C. § 1343 are "(1) the defendant

participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008). As the Government correctly points out, the Indictment alleges all of the required elements. ECF No. [36] at 3. In addition to setting forth each of the required elements in paragraph 2, the Indictment alleges "the purpose of the scheme and artifice to defraud (¶ 3), the manner and means by which the Defendant and his accomplices sought to accomplish the scheme (¶¶ 4–9), and the Defendant's use of an interstate wire to further the scheme (¶ 10)." *Id.* To the extent Defendant argues that "the wire fraud in Count I does not allege that any funds were obtained from a false representation," the wire fraud statute does not require such an allegation. ECF No. [31] ¶ 8. The statute allows for liability if a defendant "transmits . . . by means of wire . . . any writings . . . *for the purpose of executing* such scheme or artifice [to defraud.]" 18 U.S.C. § 1343 (emphasis added). Indeed, as the Government argues, the Eleventh Circuit Pattern Criminal Jury Instructions provide that the final element of a wire fraud charge is that "the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud." ECF No. [36] at 3 (quoting 11th Cir. Pattern Jury Instructions, Crim. Cases O51).

Defendant cites *United States v. Takhalov*, which dealt with a scheme in which "a B-girl lured a man into Pavlenko's bar, where the man proceeded to use his AMEX card. Looking back on the encounter from the clearer light of day, the customer decided he had been defrauded and contested the charge with AMEX." 838 F.3d 1168, 1169 (11th Cir. 2016). On April 19, 2010, "AMEX determined that the charge was not fraudulent and sent its customer a letter saying so." *Id.* However, two days later, "for whatever reason, Pavlenko sent AMEX an email covering up his relation with the B-girl." *Id.* But by then, the Eleventh Circuit concluded, Pavlenko "had nothing

left to gain: AMEX had already upheld the charge." *Id.* at 1169-70. Therefore, "no reasonable juror could have concluded that Pavlenko defrauded AMEX of that money through the April 21 email." *Id.* at 1170. Defendant argues that *Takhalov* "determined, as a matter of law," that an email after the transfer of funds "could not 'further the scheme' because when the email was sent, the Defendant had nothing left to gain." ECF No. [43] ¶ 7. However, the Eleventh Circuit also stated in *Takhalov* that "[t]he government . . . could have argued that the April 21 email constituted 'fraud after the fact[,]'" in which "a defendant can commit wire fraud by concealing the illegality of the transaction after it occurred." 838 F.3d at 1170 (citing *United States v. Ross*, 131 F.3d 970, 980 (11th Cir. 1997)).

Defendant also relies upon *Krulewitch v. United States*, in which the Supreme Court held that a co-conspirator's hearsay statement should not have been admitted at trial because it was not made "in furtherance of the conspiracy charged[.]" 336 U.S. 440, 443 (1949). The Supreme Court rejected the Government's argument that "even after the central criminal objectives of a conspiracy have succeeded or failed, an implicit subsidiary phase of the conspiracy always survives, the phase which has concealment as its sole objective." *Id.* However, in *Krulewitch*, the Government conceded "that that the chief objective of the conspiracy—transportation for prostitution purposes—had ended in success or failure before the reported conversation took place[.]" *Id.* No such concession has been made here.

Within the context of the wire fraud statute, "[a] transmission is 'for the purpose of executing' the scheme if it is 'incident to an essential part of the scheme.'" *United States v. Evans*, 473 F.3d 1115, 1118 (11th Cir. 2006) (quoting *Pereira v. United States,* 347 U.S. 1, 8 (1954)). With regard to the mail fraud statute,[1] the Supreme Court has stated that where a scheme "had

---

[1] Because "[t]he mail fraud statute, like its wire fraud counterpart, applies to transmissions 'for the purpose of

9

Case 1:25-cr-20201-BB   Document 50   Entered on FLSD Docket 11/15/2025   Page 10 of 17

Case No. 25-cr-20201-BLOOM

reached fruition[,]" subsequent mailings were "immaterial . . . to any consummation of the scheme[.]" *Kann v. United States*, 323 U.S. 88, 94 (1944). In *Kann*, the Court determined that the scheme had reached fruition because "[t]he persons intended to receive the money had received it irrevocably." *Id.* "It was immaterial to them, or to any consummation of the scheme, how the bank which paid or credited the check would collect from the drawee bank." *Id.* "Supreme Court and Eleventh Circuit cases have since repeatedly identified 'fruition' of the scheme as the point beyond which mail and wire transmissions cannot be in furtherance of the scheme." *Evans*, 473 F.3d at 1119 (citing cases).

The Indictment alleges that the May 4, 2020 wire was "in furtherance of the aforesaid scheme and artifice to defraud[.]" ECF No. [3] ¶ 10. Therefore, reviewing the face of the Indictment, the Court concludes that it "contain[s] the elements of the offense intended to be charged, and sufficiently apprise[s] the defendant of what he must be prepared to meet." *Sharpe*, 438 F.3d at 1263 (quoting *Bobo*, 344 F.3d at 1083).

Defendant also argues that the "$1,000,000 was voluntarily wired to an entity associated with the Defendant on April 24, 2025 (outside of the five-year statute of limitations)." ECF No. [31] ¶ 9. The Government responds that "the Defendant's statute of limitations argument is premised on two exhibits attached to the Motion." ECF No. [36] at 5. And by looking beyond the face of the Indictment, the Government argues, the Court would "do precisely what the Eleventh Circuit has repeatedly warned against—namely, granting summary judgment in a criminal proceeding." *Id.* (citing *United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004)). In *Salman*, the Eleventh Circuit stated that "[b]y looking beyond the face of the indictment and ruling

---

executing such scheme or artifice,'" the Eleventh Circuit "borrow[s] freely from cases construing Section 1341[,]" when construing Section 1343 cases. *Evans*, 473 F.3d at 1118 n.3.

on the merits of the charges the district court in effect granted summary judgment in favor of the defendant[,]" thereby "overlook[ing] binding precedent from this court." *Salman*, 378 F.3d 1267. Indeed, the Eleventh Circuit has also stated, "[o]ur precedent is crystal clear that the statute of limitations is an affirmative defense, which a defendant must assert at trial." *United States v. Horn*, 129 F.4th 1275, 1290 (11th Cir. 2025) (citing *United States v. Najjar*, 283 F.3d 1306, 1308 (11th Cir. 2002) (per curiam)).

The Government also cites *United States v. Ashdown* in which the former Fifth Circuit[2] stated that "[t]he statute of limitations is a defense to prosecution, not a rule of evidence. Therefore, once prosecution is timely instituted, the statute of limitations has no bearing on the admissibility of evidence." 509 F.2d 793, 798 (5th Cir. 1975). In *Ashdown*, the prosecution was timely instituted, but the defendants argued that acts occurring outside of the five-year statute of limitations were inadmissible. *Id.* at 797. However, the Fifth Circuit held that "it is not the scheme to defraud, but the use of the mails to execute the scheme which constitutes the offense." *Id.* at 798. It therefore concluded that "[i]t would be a bizarre result indeed if a crime properly prosecuted within the limitations period could not be proven because an essential element, such as intent, could only be established by proof of incidents occurring outside the period." *Id.* Here, the "wire occurred on May 4, 2020—within the statutory period— and thus there is no limitations problem." ECF No. [36] at 7. Defendant does not dispute that the prosecution was timely instituted, nor does he otherwise address this argument in his Reply. Accordingly, the Motion to Dismiss the Indictment regarding Count I is denied.

Because the Court denied Defendant's Motion to Dismiss the Indictment with regard to the

---

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

wire fraud count, Defendant's argument that the money laundering counts should be dismissed because "no specified unlawful activity is alleged to support a conviction for Money Laundering[,]" is also denied. ECF No. [31] ¶ 34.

### B. Motion for Bill of Particulars

Defendant states that, through his discussions with the Government, he learned that the Government contends Defendant committed wire fraud by stating in an email on May 4, 2020, "'Yes I will take care of it' in response to Sheikh Usman's request to refund a deposit." ECF No. [30] ¶ 3. Therefore, Defendant filed the instant Motion for Bill of Particulars seeking "[c]larity regarding what property was conveyed or fraudulently induced on or after May 4th[.]" ECF No. [30] ¶ 8. The Government responds that the Motion for Bill of Particulars is "premised on a fundamental misunderstanding of a wire fraud charge" because the elements of wire fraud do not require that the Government prove that the May 4, 2020 wire caused the victim to wire additional funds to Defendant. ECF No. [35]. Defendant replies that if the Government "is relying on the conduct which occurred prior to May 2, 2020 to satisfy its burden," then "no further inquiry is necessary and the matter will be addressed in a Motion *in Limine* to address irrelevant material being presented which could prove more prejudicial than probative." ECF No. [42] at 2. If, however, "the Government contests [Defendant's] understanding," then Defendant seeks clarification regarding how the May 4, 2020 email furthered the scheme and artifice to defraud and what money or property was obtained by means of materially false and fraudulent pretenses, representation and promises knowingly made. *Id.* ¶ 8.

As stated above and contrary to Defendant's argument, the Government may rely on conduct prior to May 2, 2020 to establish the elements of wire fraud. As such, the Motion for Bill of Particulars is denied.

### C. Motions *In Limine*

i. Defendant's Motion *In Limine*

Defendant's Motion *In Limine* seeks to exclude (1) the $1,000,000 wired in April; (2) conduct constituting money laundering regarding the purchase of a new vehicle or payment towards credit cards; (3) any mention of a "fraudulent invoice (generated by the manufacturer and allegedly forwarded by the Defendant)"; and (4) statements "that the initial payment was 'criminally derived[.]'" ECF No. [34] ¶¶ 8-11. Defendant argues that this evidence is outside of the statute of limitations and "more prejudicial than probative." *Id.* (citing Fed. R. Evid. 403).

Defendant's argument that the evidence is outside of the statute of limitations is without merit. *Ashdown* rejected the argument that evidence of a scheme that predates the statute of limitations should be excluded on evidentiary grounds. *See* ECF No. [46] at 5 (citing *e.g., United States v. Beard,* No. 20-cr-00351, 2024 WL 1308054, at *5 (N.D. Ga. Mar. 27, 2024)).

Regarding Defendant's argument that the evidence "is more prejudicial than probative," ECF No. [34] ¶¶ 8-11, Defendant provides no explanation as to how the probative value of each piece of evidence is "substantially outweighed" by "unfair prejudice." Fed. R. Evid. 403. As to the $1,000,000 wire, the Government argues that it is "relevant and admissible as the fruit of the charged wire fraud scheme and the source of funds for the charged money laundering counts." ECF No. [46] at 5. As to the new vehicle purchases and payment toward credit cards, the Government argues the use of the $1,000,000 wire to finance the purchase of the Lamborghini and other personal expenditures is relevant and admissible as direct evidence of Defendant's intent to defraud. *Id.* at 7. As to the "fraudulent invoice," the Government argues that Defendant's sending of a fraudulent air cargo invoice is relevant and admissible as direct evidence of Defendant's intent to defraud and actions in furtherance of the wire fraud scheme. *Id.* at 9. As to statements that the

13

"initial payment was 'criminally derived,'" the Government argues that tracing the $1,000,000 wire is direct evidence of a necessary legal element of each count. *Id.* at 10. The Court agrees that the evidence Defendant seeks to exclude is relevant and Defendant has failed to establish any undue prejudice resulting from its admission into evidence. Accordingly, Defendant's Motion *In Limine* is denied.

    ii.    <u>Government's Motion *In Limine*</u>

The Government's Motion *In Limine* seeks to preclude Defendant from (1) introducing any self-serving hearsay; (2) referencing or making argument regarding selective prosecution, charging decisions, or the relative culpability of co-conspirators; (3) referencing or making arguments regarding statutory penalties or the potential sentence in this case; (4) introducing evidence, argument or commentary regarding any purported negligence of the victim; (5) introducing prior good-act evidence or general good-character evidence; (6) raising forum-based defense arguments or commentary with the jury; and (7) raising jury nullification or sympathy arguments. ECF No. [33].

Regarding the "self-serving hearsay" evidence, Defendant "agreed that all hearsay is inadmissible unless an exception applies." ECF No. [41] at 1. Indeed, it is unclear what specific "self-serving hearsay" the Government anticipates Defendant will introduce. Because "[m]otions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial," the Motion *In Limine* is denied. *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

Regarding arguments of selective prosecution, charging decisions, or the relative culpability of co-conspirators, Defendant "agreed" that "selective prosecution is not at issue." ECF

No. [41] at 2. Therefore, the Motion is granted with respect to arguments of selective prosecution. However, Defendant argues that the charging decisions are at issue and "[t]he actions of others that negate the Defendant's guilt, intention, and knowledge are wholly relevant and material." *Id.* Because the Motion "lacks the necessary specificity with respect to the evidence to be excluded," the Motion is denied with respect to charging decisions and the relative culpability of co-conspirators. *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)).

Regarding the statutory penalties or potential sentences, Defendant "agreed that the degree of penalties are not at issue[,]" however "the customary phraseology of 'loss of liberty' . . . and 'consequences' associated with criminal conduct are permitted." ECF No. [41] at 2. Therefore, the Motion is granted.

Regarding evidence of the purported negligence of the victim, Defendant "agreed that the victim's negligence or suggestion that 'he deserved to be defrauded aren't intended to be made.'" *Id.* However, Defendant argues it would be relevant and admissible to argue that "the alleged victim received the benefit of his bargain, paid a downpayment on goods and failed to pay the balance when due resulting in the forfeit of the downpayment[,]" and that the "victim's failure to pay the balance when due to the manufacturer is the entire reason the deal did not proceed forward." *Id.* Because it is unclear what specific evidence the Government seeks to preclude and the purpose for which the evidence may be offered, the Motion is denied.

Regarding prior good acts or general good character evidence, Defendant opposes the Motion "to the degree that the Government is seeking to abrogate [Federal Rule of Evidence] 404(2). . . Otherwise, the Defendant fully intends to comply with R. 404." *Id.* As stated above, the

Court will not entertain a motion *in limine* that merely seeks to reinforce the Federal Rules of Evidence. *SEC v. MintBroker Int'l, Ltd.*, No. 21-cv-21079, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) ("Motions *in limine* that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied") (quoting *Robbins v. Robertson*, No. 7:15-cv-00124, 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022)). Accordingly, the Motion is denied.

Regarding the forum-based defense or commentary, Defendant "agreed [that] only arguments directed at the allegations in the Indictment are intended to be made." ECF No. [41] at 2. However, the Government states that "the fact of a civil lawsuit in this matter, and the accompanying consent judgment, are relevant facts." ECF No. [33] at 17. Defendant "dispute[s] that evidence of a civil lawsuit and consent judgment are relevant or establish[] 'continuing false representations' or is otherwise part of an uncharged conspiracy to defraud." ECF No. [41] at 2-3. Therefore, Defendant "cross-move[s] for exclusion" to the extent "the Government is seeking to make forum-based arguments or support its pursuit of this civil matter in criminal court with evidence of a settlement in civil court[.]" *Id.* at 3. Because it is unclear exactly what evidence the Government seeks to exclude and whether the parties themselves understand the scope of their request regarding a forum-based defense or commentary, the Motion is denied.

Regarding jury nullification or sympathy arguments, Defendant "agreed that jury nullification will not be argued and that only relevant evidence will be admitted that supports the Defendant's defenses and/or negates his guilt. Mention of his background is intended to be presented to the customary limited degree." *Id.* at 3. Accordingly, the Motion is granted.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

Case No. 25-cr-20201-BLOOM

1. Defendant's Motion for Bill of Particulars, **ECF No. [30],** is **DENIED**.

2. Defendant's Motion to Dismiss Indictment, **ECF No. [31],** is **DENIED**.

3. The Government's Motion *In Limine*, **ECF No. [33],** is **GRANTED IN PART AND DENIED IN PART.**

4. Defendant's Motion *In Limine*, **ECF No. [34],** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record